IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CODY JAMES VANCENBROCK,<br><br>    Defendant. | **No. 4:20-cr-00144-RGE-CFB**<br><br><br>**ORDER RE: GOVERNMENT'S APPEAL OF ORDER DENYING MOTION FOR DETENTION** |

## I.    INTRODUCTION

Now before the Court is the Government's Appeal of Order Denying Motion for Detention. ECF No. 42. The appeal was timely filed and Defendant Cody James Vancenbrock timely resisted. *See id.*; Def.'s Resist. Gov't's Appeal Order Denying Mot. Detention, ECF No. 46. For the reasons set forth below, the Court reverses the magistrate judge's order releasing Vancenbrock pending trial. Vancenbrock shall be detained.

## II.    BACKGROUND

On August 12, 2019, a grand jury returned an indictment charging Vancenbrock with distributing a controlled substance resulting in death or serious injury, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Redacted Indictment 1, ECF No. 2. Soon thereafter, Vancenbrock was arrested and appeared for a detention hearing before United States Magistrate Judge Celeste F. Bremer. Detention Hr'g Mins., ECF No. 20. The magistrate judge ordered Vancenbrock detained pending further proceedings, finding "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community" and "by a preponderance of evidence that no condition or combination

of conditions of release will reasonably assure the defendant's appearance as required." Order Detention Pending Trial 2, ECF No. 21.

Vancenbrock moved to reopen the detention hearing "in light of additional information regarding the nature of the recommended substance-abuse treatment program at Bridges of Iowa." Def.'s Mot. Reopen Detention Hr'g 1, ECF No. 24. The Government resisted the motion. Gov't's Resp. Def.'s Mot. Reopen Detention Hr'g 1, ECF No. 29. The magistrate judge granted the motion to reopen the detention hearing and ordered Vancenbrock released to reside at the Bridges of Iowa program facility. Order Re: Def.'s Mot. Reopen Detention Hr'g 1–2, ECF No. 33; Order Setting Conditions Release 2, ECF No. 34. The magistrate judge found Vancenbrock "presented additional material information that was not known to him at the time of the original detention hearing" and "this additional information provides the basis for a reasonable assurance that there are a combination of conditions of release that address [Vancenbrock]'s danger to the community or others." ECF No. 33 at 1.

The Government appealed and moved to stay the release order. ECF No. 41; Gov't's Mot. Stay Order Release Pending Appeal, ECF No. 40; *see also* Gov't's Br. Supp. Appeal Order Denying Mot. Detention, ECF No. 42. The Court granted the Government's request for a stay of the magistrate judge's order. Text Order Granting Mot. Stay, ECF No. 43. Vancenbrock resists the Government's appeal. ECF No. 46.

## III.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3145(a), the government may seek review of a magistrate judge's order releasing the defendant pending trial. The Court reviews the magistrate judge's order de novo. *United States v. Maull*, 773 F.2d 1479, 1481–82 (8th Cir. 1985) (en banc). The Court makes the same inquiries as the magistrate judge regarding the defendant's risk of flight and danger to

the community. *Id.* at 1482.

## IV.   DISCUSSION

"[E]ither danger to the community or risk of flight is sufficient to authorize [pre-trial] detention." *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). The Government generally bears the burden of "show[ing] by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will *reasonably assure* the defendant's appearance." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (omission in original) (quoting *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003)); *accord* 18 U.S.C. § 3142(c), (e)–(f).

When a defendant is charged with "an offense for which a maximum term of imprisonment of ten years of more is prescribed in the Controlled Substances Act"—which is the case here—and the Court finds probable cause the defendant committed the crime, there is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e)(3)(A). When a rebuttable presumption applies, "a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *Abad*, 350 F.3d at 797 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001) (per curiam)). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* (quoting *Mercedes*, 254 F.3d at 436). Factors the Court must consider include: 1) the nature and circumstances of the crime, including whether the crime

involved a controlled substance; 2) the weight of the evidence against the defendant; 3) the history and characteristics of the defendant; and 4) the seriousness of the danger to the community. 18 U.S.C. § 3142(g).

As an initial matter, the Court concludes there is probable cause that Vancenbrock committed the crimes alleged. Law enforcement testified at Vancenbrock's detention hearing that Vancenbrock admitted to supplying methamphetamine and injecting the drug into another person. Detention Hr'g Tr. 6:12–15, 6:20–7:6, ECF No. 37. Vancenbrock also admitted he watched this person die and then "dumped her body in the Skunk River." *Id.* at 6:16–17, 7:5–19; *see also* ECF No. 42 at 2–3. And, a grand jury returned an indictment. *See United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990) ("A grand jury indictment provides the probable cause required by the statute to trigger the presumption."). Thus, a rebuttable presumption of detention applies. *See* 18 U.S.C. § 3142(e)(3)(A). Vancenbrock must therefore present evidence that this presumption does not hold in his case. *See Abad*, 350 F.3d at 797.

The magistrate judge found Vancenbrock met his burden of presenting evidence sufficient to rebut the presumption. ECF No. 21 at 2. On appeal, the Government argues Vancenbrock failed to rebut the presumption in favor of detention. ECF No. 42 at 6–7. Vancenbrock alleges his detention hearing "proffer and the pretrial services report were sufficient to satisfy [the] burden of production and thus rebut the applicable presumption." ECF No. 46 at 5. The Court disagrees with Vancenbrock, finding he has failed to present evidence rebutting the presumption of detention. Pretrial services reports prepared by the United States Probation Office convey "information relating to any danger that the release of such person may pose." 18 U.S.C. § 3154(1). Here, the contents of Vancenbrock's pretrial services report are derived from information in the indictment and from an interview of Vancenbrock, confirmed by Vancenbrock's half-brother. *See* Sealed

Pretrial Services Report 1, ECF No. 15. Its factual contents and recommendations do not rebut the statutory presumption of Vancenbrock dangerousness or flight risk. No information provided in the pretrial services report or supplemental report reviewing the Bridges of Iowa program, during the detention hearing, or in the parties' filings suggest Vancenbrock would be less of a danger to the community or flight risk than the statute presumes of the typical individual charged with distributing a controlled substance. Rather, the record of Vancenbrock's substance abuse and criminal history, in addition to the nature of the charged offense, indicate he poses a danger to himself and the community and a risk of non-appearance. *See* ECF No. 15 at 3 (noting Vancenbrock's history of substance abuse and substance abuse treatment); *id.* at 3–4 (outlining Vancenbrock's criminal record includes multiple instances of failing to appear and absconding). The presumption in favor of his detention therefore holds.

Even if Vancenbrock's proffered information is sufficient to rebut the statutory presumption of his flight risk and dangerousness, the Court, considering the factors set out in § 3142(g), finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Vancenbrock were released and by a preponderance of evidence that no condition or combination of conditions will reasonably assure Vancenbrock's appearance as required.

First, the offenses here involve a controlled substance which has been deemed sufficiently serious by Congress to warrant a presumption against release. *See* 18 U.S.C. § 3142(e)(3)(A). Second, the weight of the Government's evidence on these charges appears very strong. Vancenbrock admitted to law enforcement he was engaged in distributing methamphetamine. ECF No. 37 at 6:18–21. Third, Vancenbrock's history and characteristics, including his history of substance abuse and criminal activity suggest pretrial supervision is unlikely to be effective. There

is a substantial danger to the community and risk of non-appearance in light of Vancenbrock's history and characteristics and the serious nature of the charged offenses. Vancenbrock's enrollment in the Bridges of Iowa residential program, which is housed in an unsecured facility, is insufficient to reasonably assure the safety of the community and the appearance of Vancenbrock as required. The Court determines Vancenbrock's release would pose a serious danger to the community and risk of flight.

Furthermore, the magistrate judge's order reopening Vancenbrock's detention hearing indicates the United States Probation Office's Pretrial Services "did not offer an opinion as to the adequacy of [the Bridges of Iowa] conditions." ECF No. 33 at 1. However, the supplemental report does offer a recommendation, stating the "Probation Office maintains its recommendation that [Vancenbrock] remain detained." ECF No. 28 at 2.

For the above reasons and those set forth in the magistrate judge's August 31, 2020 Order of Detention Pending Trial, ECF No. 21 at 2–3, the Court finds by clear and convincing evidence no condition or combination of conditions would reasonably assure the safety of the community if Vancenbrock were released and by preponderance of evidence that no condition or combination of conditions will reasonably assure Vancenbrock's appearance as required. Detention is therefore warranted. Vancenbrock shall remain detained

## V.    CONCLUSION

Having reviewed the factors set forth in § 3142(g), and appropriately considering the presumption favoring detention applicable in this case, the Court concludes no condition or combination of conditions can reasonably assure the safety of the community or Vancenbrock's appearance as required if Vancenbrock is released pending trial. As such, Vancenbrock shall remain detained.

For the reasons set forth above, **IT IS ORDERED** that the magistrate judge's order setting conditions of release is **REVERSED**.

**IT IS FURTHER ORDERED** that the Government's Appeal of Order Denying Motion for Detention, ECF No. 41, is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 6th day of October, 2020.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE